IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARLA ONDI-RETTUS,**

    Plaintiff,

v.                                        No. CIV-99-1261 LH/LFG

**CITY OF AZTEC, NEW MEXICO,**
a municipal corporation; **SAN JUAN
COUNTY CRIMINAL JUSTICE TRAINING
AUTHORITY and E. CLAY MORRIS,**
individually and in his capacity as
Chief of Police of the Aztec Police Department,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Plaintiff's Motion to Defer Consideration of Defendant's Motion to Dismiss (Docket No. 29). It appears that the Defendant served its Motion for Partial Dismissal on the Basis of Lack of Jurisdiction by the Court on the Plaintiff on April 21, 2000, and that the Plaintiff is seeking more time to complete her response to the motion. The Court, having considered the briefs and arguments of the parties and being fully advised of their premises, concludes that the Plaintiff's Motion to Defer Consideration is well taken and shall be **granted**. Accordingly, the Plaintiff shall serve her response on the Defendant no later than September 10, 2000, and the Defendant shall file a complete briefing package with the Court no later than September 25, 2000.

**I. Background**

The Plaintiff was a cadet at the San Juan County Criminal Justice Training Authority (the "Authority") in 1997. She was released from the program for substandard performance, and, as a result, lost her job with the Aztec Police Department. She filed this suit under Title VII against the City of Aztec, the Authority, and E. Clay Morris, the Chief of Police of the Aztec Police Department, for gender discrimination.

The Defendant, the Authority, has filed a motion to dismiss on the ground that the Authority allegedly does not have a sufficient number of employees to fall within the subject matter jurisdiction of Title VII of the Civil Rights Act of 1964 and 1991. Title VII (42 U.S.C. § 2000e) defines an "employer" as a person engaged in an industry affecting commerce, who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. 42 U.S.C. § 2000e(b). In order to maintain her claims against the Authority, the Plaintiff must establish that the Authority had fifteen or more employees in 1998 (the year she filed the EEOC charges), or in 1997 (the "preceding calendar year"), or that the Authority is an agent of such an entity, or that the Authority and other entity or entities constitute a single employer with the requisite number of employees for purposes of Title VII. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357 (10th Cir. 1993) (describing the various methods and factors pertaining to the determination of whether more than one entity constitutes a single employer for the purposes of Title VII). The Plaintiff seeks deferral of a ruling on the Defendant's motion to dismiss to allow her time to conduct further discovery to provide the Court with the evidence necessary to resolve these factual issues.

**II. Discussion**

The Plaintiff and the Defendant disagree as to the number of persons employed at the Authority. The Defendant, through an affidavit of Tom Hawley, Assistant Training Director at the Authority, states that the Authority only has one employee, Mr. Hawley. In contrast, the Plaintiff asserts that the Authority's website indicates that it currently has five full-time staff, seven board members, that "participating agencies" contribute personnel, and refers to a "joint powers agreement" with other entities. The Authority's website identifies as "member agencies" the following: Aztec Police Department (a defendant in this case), Bloomfield Police Department, Farmington Police Department, New Mexico State Police, San Juan College, San Juan County Sheriff, and the Eleventh Judicial District Attorney. The Plaintiff seeks to explore the nature and timing of the participation and contribution of personnel by these agencies. The Plaintiff argues that various joint powers agreements must be obtained and the meaning and interpretation thereof must be obtained through subsequent discovery, that this discovery is necessary for the Court to determine whether the Authority had the requisite number of employees, whether it was the agent of such an employer under Title VII, or whether the Authority and one or more of these agencies constitute a single employer for purpose of Title VII.

The leading Tenth Circuit case on whether two entities count as a single employer is *Frank v. U.S. West, Inc.*, 3 F.3d 1357 (10th Cir. 1993). It was in *Frank v. U.S. West, Inc.* that the Court established four tests for determining whether two entities were a single employer: the interrelation of operations, the centralized control of labor relations, whether there is common management, and whether there is common ownership. *Id.* at 1362-65.

3

In *Dana v. Great Basin Southwest Trucks*, *Inc.*, No. CIV 93-1217 JB, District Judge Burciaga ruled that two of the defendants were so intermingled in their operation, management and ownership that they constituted a single employer.  The dispute between the parties in this case is whether all of the entities involved in this training authority are so intermingled that their operation, management and ownership constitute their being a single employer too. What the Plaintiff requests is deferral of the Court's decision on the Defendant's motion for partial dismissal until the single employer issue can be investigated through discovery.

The Defendant argues, in response, that other people associated with the Authority are not employees of the Authority, are not paid by the Authority, but are loaned to it by various other law enforcement agencies.  *See Response to Plaintiff's Motion to Defer*, Attachment, ¶ 12.  This is consistent with the website which states:  "[all] participating agencies are bound by a joint powers agreement and each contributes cash, physical facilities, equipment, and/or personnel to our operation."  *Memo of Points and Authorities, Exh. B.*  Additionally, in its original motion for partial dismissal, the Authority states that even if the cadets are considered employees, there were eleven cadets in 1997 (plus Mr. Hawley, the instructor), for a total of twelve employees, and there were seven cadets in 1998 (plus Mr. Hawley), for a total of eight employees–neither matching nor exceeding the requisite fifteen.

The Supreme Court case of *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 204 (1997) addresses how a plaintiff must prove that the federal court system has jurisdiction.  The case asks what it means for an employer to "have" an employee on any working day. *Walters* also explores whether a person is an employee if the employer maintains an

4

employment relationship with the employee or is considered an employer only on days on which the employee is actually receiving compensation from the employer.  Justice Scalia wrote that the focus must move away from whom the employer actually has on its payroll (the "payroll method" of counting employees for Title VII purposes),  and must count as employees those people with whom the employer has an employment relationship.  *Id.* at 208.

### III.  Conclusion

The Court will grant the Plaintiff's Motion to Defer Consideration of the Defendant's Motion for Partial Dismissal as stated above,  first of all because the Court has the discretion to defer decisions on subject matter jurisdiction as long as the Plaintiff has met his or her burden that there exist facts on which a claim of relief can be granted.  I conclude that the Plaintiff has met this burden.  Secondly, although the Defendant argues that dismissal should be granted because the Plaintiff will not be able to prove the Authority has fifteen employees, the Plaintiff maintains that discovery has not been adequate for her to verify that the Authority has more or less than fifteen employees. The Tenth Circuit and this Court both agree with the position of the Plaintiff in this case and her motion should be granted.

**WHEREFORE IT IS ORDERED**, for the foregoing reasons, the Plaintiff's Motion to Defer Consideration of the Defendant's Motion to Dismiss (Docket No. 29) shall be and is hereby **granted**.

**IT IS SO FURTHER ORDERED** that the Plaintiff shall serve her response to Defendant's motion for partial dismissal on the Defendant no later than September 10, 2000, and

the Defendant shall file a complete briefing package with the Court no later than September 25, 2000.

**IT IS SO ORDERED.**

                                                                                       *[signature]*

                                                        **UNITED STATES DISTRICT JUDGE**