IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLA ONDI-RETTUS,

      Plaintiff,

vs.                                                                                                       No. CIV 99-1261 LH/LFG

CITY OF AZTEC, NEW MEXICO, a municipal
corporation; SAN JUAN COUNTY CRIMINAL
JUSTICE TRAINING AUTHORITY and E. CLAY
MORRIS, individually, and in his official capacity as
Chief of Police of the Aztec Police Department,

      Defendants.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on Defendant San Juan County Criminal Justice Training Authority's Motion for Partial Dismissal on the Basis of Lack of Jurisdiction by the Court (Docket No. 46), filed October 2, 2000, and Defendants City of Aztec's and E. Clay Morris' Motion for Summary Judgment (Docket No. 58), filed December 1, 2000.  The Court, having considered the Motions, the accompanying and supplementary memoranda, and the applicable law, having heard oral argument of counsel, and otherwise being fully informed, finds that Defendant San Juan County Criminal Justice Training Authority's Motion for Partial Dismissal on the Basis of Lack of Jurisdiction by the Court is well taken and will be **granted** and Defendants City of Aztec's and E. Clay Morris' Motion for Summary Judgment is well taken in part and will be **granted in part**.  Furthermore, having ruled on these Motions, the Court finds that all claims brought pursuant to federal law have been dismissed and this case will be remanded to state court.

Plaintiff was hired as a probationary police officer by the City of Aztec in May 1997. As such, she was required to become a certified officer by completing an approved law enforcement training program within one year of her employment. In September 1997 Plaintiff began a training program at the Academy run by the San Juan County Criminal Justice Training Authority (the "Authority"), an entity created by the Board of County Commissioners of San Juan County, the City of Farmington, the City of Bloomfield, the City of Aztec, the State of New Mexico Department of Public Safety, and the San Juan Community College District, pursuant to the San Juan County Joint Powers Agreement for Law Enforcement Training. Plaintiff alleges that while attending the Academy she was subjected to instances of sexually explicit and offensive language, gestures, and innuendo, concerning which she made more than two dozen complaints to the Academy Supervisor. She also complained to Chief Morris and other Aztec Police Department officers, whom she alleges did not take measures to correct the problems at the Academy. According to Plaintiff, the environment at the Academy was permeated with demeaning and humiliating sexual comment and conduct, which she opposed, thereby leading to her expulsion from the Academy and subsequent termination from the Aztec Police Department on December 8, 1997.

Plaintiff filed a Charge of Discrimination against the City of Aztec with the New Mexico Department of Labor, Human Rights Division (NMHRD), on April 27, 1998, alleging sexual discrimination and retaliation. Plaintiff indicated on that form that she wanted the charge also to be filed with the Equal Employment Opportunity Commission (EEOC). On July 24, 1998, she filed a charge with the EEOC against the Authority, also alleging sexual discrimination and retaliation and indicating that she wanted that charge filed with the NMHRD.

The NMHRD issued its Determination of Probable Cause of Plaintiff's charge against the City of Aztec on February 5, 1999, and a Notice of Waiver of Hearing on February 25, 1999. Plaintiff filed her Complaint of Employment Discrimination, bringing claims of sexual harassment and retaliation under the New Mexico Human Rights Act (NMHRA) against the City of Aztec and the Aztec Police Department in state court on March 8, 1999. Plaintiff never served this complaint on any defendant named therein or on any defendant named thereafter.

The EEOC issued Plaintiff a Notice of Right to Sue Within 90 Days letter regarding her charge against the City of Aztec on March 22, 1999. On July 16, 1999, the EEOC issued a Determination Letter regarding Plaintiff's charge against the Authority, inviting the parties to engage in informal methods of conciliation to resolve the matter.

Plaintiff filed her Amended Complaint of Employment Discrimination in the state court action on August 20, 1999, naming the City of Aztec, the Aztec Police Department, the Authority, and E. Clay Morris as defendants. In Count I Plaintiff brings claims of sexual harassment under the NMHRA, N.M. STAT. ANN. § 28-1-7, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), against all Defendants, including Chief Morris, but only in his official capacity. Plaintiff asserts claims of retaliation in Count II, under the same statutes and against the same defendants as in Count I. In Count III Plaintiff claims deprivation of her constitutional right to free speech under the New Mexico Tort Claims Act, the New Mexico Constitution, and 42 U.S.C. § 1983 against all Defendants, including Chief Morris in his official capacity and individually. Plaintiff brings a state law defamation claim in Count IV against the same Defendants named in Count III. In Count V Plaintiff claims deprivation of her right to due process property and liberty interests,

pursuant to 42 U.S.C. § 1982, the New Mexico Tort Claims Act, and the New Mexico Constitution, against the Defendants named in Counts III and IV.

Defendants City of Aztec, Aztec Police Department, and Chief Morris removed this case to federal court on November 1, 1999. It appears from the record that the EEOC issued Plaintiff a Notice of Right to Sue Within 90 Days letter regarding her charge against the Authority in December 1999. The Aztec Police Department was dismissed with prejudice pursuant to an unopposed motion by Defendants, on February 29, 2000. Plaintiff served an copy of the Amended Complaint on the NMHRD on June 20, 2000.

Defendant San Juan County Criminal Justice Training Authority moves, pursuant to FED. R. CIV. P. 12(b)(1), for dismissal of Counts I and II of Plaintiff's Amended Complaint of Employment Discrimination for lack of subject matter jurisdiction. Following oral argument on March 8, 2001, the Court partially granted the Motion on grounds that the Authority was not Plaintiff's employer and therefore cannot be held liable under Title VII and, alternatively, that San Juan County Criminal Justice Training Authority did not have twenty or more employees as required for Title VII to apply.

At the hearing the Court also requested supplemental briefing by Plaintiff and the Authority on whether Plaintiff had brought her claims properly under the NMHRA. Plaintiff subsequently conceded that she failed to exhaust her administrative remedies against the Authority under the NMHRA and abandoned her claims of sexual harassment and retaliation under the Act against this Defendant. (Letter from Gregory M. Acton to Court of 3/16/01.) Therefore, the Court will grant Defendant San Juan County Criminal Justice Training Authority's Motion for Partial Dismissal on the Basis of Lack of Jurisdiction by the Court *in toto*.

Summary judgment may properly be granted if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Pleadings and documentary evidence must be liberally construed in favor of the nonmoving party.  *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1379 (10th Cir. 1994).  If the moving party satisfies its initial burden demonstrating the absence of any genuine issue of material fact, the nonmoving party must identify sufficient evidence requiring submission of the case to a jury.  *Id.*

Defendants City of Aztec and E. Clay Morris (City Defendants) move for summary judgment on grounds that Plaintiff's claims under the NMHRA and Title VII are untimely, or alternatively, that they had no control over the acts of Defendant San Juan County Criminal Justice Training Authority, that Plaintiff failed to provide notice of acts constituting sexual harassment, and that she cannot meet her legal burden in establishing either sexual harassment or retaliation.  City Defendants also move for summary judgment on Plaintiff's First Amendment, Due Process, and defamation claims.  The Authority adopts the City Defendants' Motion in its entirety, submitting briefing in support.  Plaintiff responded to the City Defendants' Motion and the Authority's Memorandum.

The Court first notes that in the briefing on this Motion Plaintiff only addresses her free speech claim under the New Mexico Constitution, thereby conceding her federal free speech claim under 42 U.S.C. § 1983.  Additionally, Plaintiff addresses only the violation of her due process liberty interest, not any due process property interest.  Plaintiff further agrees to dismissal of her defamation claim.  The Court finds the City Defendants' argument is well taken on these claims and will grant

summary judgment to all Defendants on Plaintiff's federal free speech claim, any due process property interest claim, and the defamation claim.

Title VII provides in part:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . the Commission . . . shall so notify the person aggrieved and *within ninety days* after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .

42 U.S.C. § 2000e-5(f)(1) (emphasis added). Thus, Plaintiff had ninety days from receiving the Notice of Right to Sue letter from the EEOC on March 22, 1999, in which to file her action against the City Defendants. Indeed, this information was included in the letter, which itself was titled "NOTICE OF RIGHT TO SUE WITHIN 90 DAYS": "If you choose to commence a civil action, such suit must be filed in the appropriate Court *within 90 days* of your receipt of this Notice." (Mem. Supp. Mot. Summ. J. Ex. R (emphasis added).)

Plaintiff did not bring her Title VII claims against the City Defendants until she filed her Amended Complaint on August 20, 1999, clearly outside the ninety-day time period required under the statute. She contends, however, that the Amended Complaint "relates back" to her original complaint filed on March 8, 1999, and is therefore timely.

Regarding relation back of amendments, the Federal Rules provide in relevant part that:

> . . . An amendment of a pleading relates back to the date of the original pleading when
> . . . .
> (2) the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading . . . .

FED. R. CIV. P. 15(c). Critical to application of the relation back doctrine, but completely ignored by Plaintiff in her argument, is the concept of "fair notice." *See, e.g., Baldwin County Welcome Ctr.*

*v. Brown*, 466 U.S. 147, 149 n.3 (1984) ("The rational of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. . . . Because the initial 'pleading' did not contain such notice, it was not an original pleading that could be rehabilitated by invoking Rule 15(c)."); *Ripley v. Childress,* 695 F. Supp. 507, 509 (D.N.M. 1988)(Parker, J.)("The test for determining whether the amendment should relate back is whether the original complaint sufficiently put the defendants on notice regarding the claim raised in the amended pleading.").

Plaintiff never served her original Complaint on any defendant. Thus, it is undisputed that the City Defendants had no notice of Plaintiff's suit until she served the Amended Complaint on September 30, 1999. Therefore, the Amended Complaint does not relate back to the original Complaint and because the Amended Complaint was filed almost five months after Plaintiff received notice of her right to sue from the EEOC, her Title VII claims are untimely.

In the Tenth Circuit, "a Title VII time limit will be tolled only if there has been active deception of the claimant regarding procedural requirements." *Witt v. Roadway Express*, 136 F.3d 1424, 1430 (1998)(quoting *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 260-61 (10th Cir. 1994)). Plaintiff has offered no reason that equitable tolling should apply to her case and the Court is aware of none. Therefore, the Title VII claims against the City Defendants will be dismissed.

While Plaintiff concedes any property interest due process claims, she continues to assert a liberty interest claim, maintaining that she was entitled to a "name-clearing hearing when . . . deprived of a liberty interest in her reputation." (Resp. Mot. Summ. J. at 22.) Although Plaintiff does not delineate the factual basis underlying her liberty interest, she does claim that the City Defendants "coupled their termination of Officer Ondi-Rettus with defamatory statements." (Am. Compl. at ¶

14.)  These "defamatory statements" were made in a memorandum written by Defendant Morris, dated December 8, 1997, recounting the events leading to Plaintiff's dismissal from the Training Academy.  (Mem. Supp. Mot. Summ. J. at 6, Ex. C at 131-32,  Ex. L.)  The Memoranda, which is stamped "CONFIDENTIAL," apparently was filed in Plaintiff's personnel file with the City of Aztec.

The Tenth Circuit has described the parameters of a liberty interest case involving the discharge of a public employee:

> When a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities, a claim for relief is created.

*Melton v. City of Oklahoma City*, 928 F.2d 920, 926-27 (1991)(en banc).  To bring a claim for due process violation of her liberty interest, then, Plaintiff must show that the allegedly stigmatizing statement was published.  *Id.* at 926 (citing *Bishop v. Wood*, 426 U.S. 341, 348 (1976)("[T]he stigmatizing statement must be disclosed publicly.").  Plaintiff cannot do so and has in fact admitted both in her deposition testimony and in failing to dispute City Defendants' Statement of Material Fact No. 33 that she "does not have . . . any information that Defendant Morris showed the file memo to anyone."  (Mem. Supp. Mot. Summ. J. at 7, Ex. C. at 140.)  Therefore, Plaintiff's violation of due process liberty interest claim will be dismissed.

Having dismissed all of Plaintiff's federal claims, the Court will exercise its discretion to decline to retain supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367. In so doing, the Court is aware that this case is set on its trial docket that commences in approximately one month.  It is the Court's belief, however, that Plaintiff's sexual harassment and

retaliation claims against the City Defendants under the NMHRA raise novel or complex issues of state law, such as the effect of Plaintiff's service of her Complaint of Employment Discrimination on the NMHRD almost fifteen months after it was filed in state court.  *See id.* § 1367(c)(1).  Therefore, Plaintiff's remaining state claims will be dismissed without prejudice and this action will be remanded to state court.  *See Anglemyer v. Hamilton Co. Hosp.*, 58 F3d 533, 541 (10th Cir. 1995).

An Order in accordance with this Memorandum Opinion shall be entered.

**UNITED STATES DISTRICT JUDGE**